IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| DAVID KINDS, | ) | |
|       Plaintiff, | ) ) ) | |
| V. | ) ) | No. 21 CV 193 |
| CITY OF CHICAGO and CHICAGO POLICE OFFICERS DODGE, Star #17504 and DAGGS Star #15484. | ) ) ) ) ) | |
|       Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, DAVID KINDS, by and through his attorneys, BRANDON BROWN AND QUENTIN BANKS, and complaining of the Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICERS DODGE, Star #17504 and DAGGS, Star #15484, states as follows:

**INTRODUCTION**

This is a civil action brought under 42 U.S.C. § 1983 seeking damages against defendants to address the deprivations under color of law of Plaintiff's rights as secured by the United States Constitution and under State Law.

**JURISDICTION AND VENUE**

1. This action is brought under, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343(a); pendent jurisdiction is provided under 28 U.S.C. 1367.

3. Venue is proper under 28 U.S.C. 1391(b) because, upon information and belief, all defendants reside in this district, and nearly all of the events giving rise to the claims asserted herein occurred within this district.

**PARTIES**

4. Plaintiff DAVID KINDS, at all times relevant, was a citizen of the United States and a resident of the City of Chicago, County of Cook, State of Illinois.

5. DEFENDANT OFFICERS DODGE, #17504 and DAGGS, #15484 ("Defendant Officers") are, at all times relevant, duly licensed Chicago Police Officers employed by Defendant City of Chicago. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6. DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation organized under the laws of the State of Illinois, and is the principal employer of the Individually-Named Defendants.

**FACTS**

7. On or about November 20, 2019, Plaintiff, DAVID KINDS, was arrested in the City of Chicago by police officers employed by the City of Chicago.

8. Immediately before he was arrested, or was caused to be arrested, by the Defendant Officers, the Plaintiff was not violating any laws under the Illinois Criminal Code or City of Chicago ordinance.

9. On November 20, 2019, David Kinds was arrested and charged with Aggravated Unlawful Use of a Weapon.

10. The Plaintiff was arrested, or his arrest was directly caused, by the acts, omissions and deliberate indifference of Defendants, DODGE and DAGGS.

11. As the Plaintiff was being arrested, he was not violating any laws under the Illinois Criminal Code.

12. There was no probable cause or legal justification to arrest the Plaintiff on November 20, 2019.

13. After arresting, or causing the Plaintiff to be arrested, the Defendant Officers commenced criminal proceedings against the Plaintiff. There was no probable cause or legal justification to commence criminal proceedings against the Plaintiff.

14. After awaiting trial for approximately eight months, the criminal proceedings against the Plaintiff were subsequently dismissed in a manner indicative of the Plaintiff's innocence.

15. At the time that the Plaintiff was arrested, the Defendant Officers knew that there was no probable cause or legal justification to arrest and commence criminal proceedings against the Plaintiff.

16. The acts of Defendant Officers were intentional, willful and wanton.

17. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

## COUNT I: 42 U.S.C. § 1983 - False Arrest

### Against Defendant Officers

18. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.

19. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under the U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

20. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, DAVID KINDS, pursuant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: 42 U.S.C. § 1983 - Illegal Seizure
### Against Defendant Officers

21. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.

22. The search and seizure of Plaintiff was performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

23. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused Plaintiff to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed him to public scandal and disgrace, and financial loss.

WHEREFORE the Plaintiff, DAVID KINDS, pursuant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the

costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## **COUNT III: 42 U.S.C. § 1983 – Unlawful Pretrial Detention**

### **Against Defendant Officers**

24. Plaintiffs re-alleges each of the foregoing paragraphs as if fully set forth herein.

25. Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they submitted reports and statements to prosecutors with the intent of instituting and continuing judicial proceedings against Plaintiff.

26. Defendant Officers caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

27. As described more fully above, Defendant Officers, while acting individually, jointly and in conspiracy with other unnamed individuals, deprived Plaintiff of his constitutional rights.

28. Defendant Officers continued to mislead and misdirect the criminal prosecution of Plaintiff during the pendency of his detainment.

29. In the face of irrefutable proof that the Defendant Officers' statements and testimony was fabricated and/or false, the state dismissed all charges against Plaintiff on August 20, 2020.

30. Defendant Officers' misconduct directly and proximately caused violations of Plaintiff's constitutional rights, loss of liberty, monetary expenses, emotional distress, and other injuries.

31. The misconduct described here was objectively unreasonable and undertaken

intentionally with willful indifference to Plaintiff's constitutional rights.

WHEREFORE the Plaintiff, DAVID KINDS, pursuant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## **COUNT IV: 42 U.S.C. § 1983 - Conspiracy to Deprive Constitutional Rights**
**Against Defendant Officers**

32. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.

33. As described more fully above, Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime he did not commit, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this complaint.

34. In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

35. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

36. As a direct and proximate result of the illicit prior agreement referenced above Plaintiff's rights were violated, and he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

37. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

38. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of his liberty. In addition, the violations proximately caused the Plaintiff mental anguish, embarrassment and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

WHEREFORE the Plaintiff, DAVID KINDS, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT V: Malicious Prosecution (State Law Claim)
### Against All Defendants

39. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.
40. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.
41. Defendant City of Chicago is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officers performed the actions Complained of while on duty and/or in the employ of Defendant City of Chicago, and while acting in the scope of this employment.
42. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering,

humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, DAVID KINDS, demands judgment against the Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VI: False Arrest/Imprisonment (State Claim)
### Against All Defendants

43. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.
44. As described above, the Defendant Officers arrested and/or imprisoned the Plaintiff, or caused the Plaintiff to be arrested and/or imprisoned, without a warrant, without probable cause and without legal justification. Due to the arrest, the Plaintiff had his liberty to move about restrained by the Defendant Officers.
45. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as police officers for Defendant City, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.
46. Defendant City is sued herein pursuant to respondeat superior.
47. As a direct and proximate result of the acts of the Defendant Officers, employees of Defendant City, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE the Plaintiff, DAVID KINDS, demands judgment against the Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VII: 745 ILCS 10/9-102 - Indemnification

### Against Defendant City of Chicago

48. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

49. Defendant City of Chicago is the employer of the Defendant Officers.

50. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment with the City of Chicago.

WHEREFORE the Plaintiff, DAVID KINDS, demands that, should Defendant Officers be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant CITY OF CHICAGO be found liable for any judgment Plaintiffs obtain, as well as attorneys' fees and costs awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,
**DAVID KINDS**

By: /s/ Brandon Brown
*One of Plaintiff's Attorneys*

THE BROWN LAW LTD.
4455 S. King Drive
Suite 100A
Chicago, Illinois 60653
T: (773) 624-8366
F: (773) 624-8365
E: bbrown@thebrownlaw.com